UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:20-CV-1704-DWC <br><br> ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income (SSI). The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13.

## BACKGROUND

Plaintiff filed an application for SSI on February 14, 2018, alleging disability beginning January 20, 2018. Administrative Record (AR) 15, 243. Her claim was denied initially on June 27, 2018, and upon reconsideration on August 2, 2018. AR 104, 114. On October 10, 2019, Administrative Law Judge (ALJ) Glenn G. Meyers conducted a hearing at which Plaintiff

testified. AR 38-66. On November 1, 2019, the ALJ decided that Plaintiff was not disabled within the meaning of the Social Security Act.[1] AR 12-14. Plaintiff then requested review from the Appeals Council, which denied the request on September 14, 2020, making the ALJ's decision the final decision of the Commissioner. AR 1-3; 20 C.F.R. §§ 404.981, 416.1481.

On appeal to this Court, Plaintiff maintains the ALJ erred by improperly rejecting a noise limitation assessed by a state agency consultative examiner, necessitating remand for further proceedings. Dkt. 13 at 3.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). The U.S. Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotations omitted).

---

[1] The Social Security Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

## DISCUSSION

Plaintiff claims the ALJ improperly rejected the noise exposure limit assessed by consultative examiners Greg Saue, M.D. (Saue), Merry Alto, M.D. (Alto), and Arnold Ronning, M.D. (Ronning). AR 79-81, 95-97, 394.

### I. Standard

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017, such as this one. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). In the new regulations, the Commissioner rescinded Social Security Regulation (SSR) 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c); 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2); 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate

1  how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical
2  opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1); 416.920c(a), (b)(1). The ALJ is specifically
3  required to "explain how [he] considered the supportability and consistency factors" for a
4  medical opinion. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).

5        The Ninth Circuit has not yet had the opportunity to address the impact of the new
6  regulations on the requirement that the ALJ provide "clear and convincing" reasons for rejecting
7  an uncontradicted physician's opinion and "specific and legitimate reasons" for rejecting a
8  contracted physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). However,
9  Chief Judge Ricardo S. Martinez has opined that he believes the Ninth Circuit will not likely
10 alter the "clear and convincing" standard because it is "based on evidentiary principles in
11 administrative law, and not on a hierarchy of opinions." *Kathleen G. v. Comm. Soc. Sec.*, No.
12 2:20-cv-461-RSM (W.D. Wash. Nov. 10, 2020) (citing *Day v. Weinberger*, 522 F.2d 1154, 1156
13 (9th Cir. 1975) and *White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 1271 (9th Cir.
14 1975)).

15        Thus, while the new regulations ask the ALJ to explain, at a minimum, how the ALJ
16 considered the supportability and consistency factors of a medical opinion, if the medical opinion
17 is uncontradicted the ALJ must still cite "clear and convincing" reasons for rejecting it, and if it
18 is contradicted, the ALJ must still give "specific and legitimate" reasons for rejecting it.

19      II.      <u>Analysis</u>

20        On June 14, 2018, Ronning performed a consultative examination of Plaintiff with the
21 assistance of a sign language interpreter. AR 387-394. Regarding Plaintiff's hearing, Ronning
22 stated,

23      Working around excessive noise is not specifically contraindicated despite
         sensorineural hearing loss. This is because the claimant is already functionally deaf.
24

> However, it would still be advisable to use proper hearing protection to protect the remaining hearing ability that she does retain. This claimant would benefit greatly from working in an environment where colleagues and those she interacts with are capable of American Sign Language.

AR 394. In addition, on June 27, 2018, Saue reviewed Plaintiff's medical records and opined that she had "severe hearing loss" and should avoid even moderate exposure to nose. AR 81. On July 29, 2018, Alto did the same, and made identical findings regarding Plaintiff's hearing. AR 97.

Defendant admits that the ALJ did not "explicitly discuss Drs. Saue and Alto's noise limitation in his discussion of their opinions" but argues that his "decision as a whole shows that he clearly found this limitation inconsistent with the record evidence." Dkt. 14 at 7. As for Ronning's opinion that Plaintiff is "functionally deaf", according to Defendant the ALJ properly rejected this finding by stating that it was not consistent with Plaintiff's own statement that she can hear the violin when she plays it, and her relatively normal speech and normal ability to pay attention and concentrate. AR 29. Defendant also argues the ALJ did not commit harmful error in this regard because he accommodated Plaintiff's hearing loss by finding Plaintiff "is likely to be 5% less productive than an average worker in the workplace". Dkt. 14 at 8.

The Court disagrees with Defendant, and finds, first, that the ALJ's failure to provide any reasons—much less clear and convincing reasons—for rejecting the uncontradicted medical opinions of Saue and Alto resulted in harmful error. *See Kathleen G. v. Comm. Soc. Sec.*, No. 2:20-cv-461-RSM (W.D. Wash. Nov. 10, 2020)(finding the "clear and convincing" standard is "based on evidentiary principles in administrative law, and not on a hierarchy of opinions").

An error is harmless only if it is not prejudicial to the claimant or it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the

record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina v. Astrue*, 674 F.3d 1104, 1115, 1118-1119 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Plaintiff persuasively argues that the ALJ's failure to include any noise limitation in Plaintiff's RFC,[2] such as the need to "[a]void even moderate exposure" to noise or for a "Quiet" or "Very Quiet" work environment (as assessed by consultative examiners Saue and Alto) was harmful because the ALJ's step-five non-disability determination rests upon a finding that Plaintiff remains capable of performing jobs that all require exposure to moderate noise. Dkt. 13 at 6; AR 32. Thus, the omission of a noise exposure limitation in Plaintiff's RFC was consequential to the ALJ's ultimate decision that Plaintiff is not disabled. Accordingly, the Court concludes that the ALJ's failure to provide clear and convincing reasons to discredit Saue and Alto's noise opinion resulted in harmful error and must be reversed.

Second, this Court also finds the ALJ failed to provide clear and convincing reasons for rejecting Ronning's uncontradicted opinion that Plaintiff is "functionally deaf". For instance, the ALJ stated that Ronning's opinion was inconsistent with the fact Plaintiff can hear her violin. AR

---

[2] The ALJ found Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 416.967(a), with the following additional limitations:

> She can occasional (sic) stoop and crouch. She cannot crawl, kneel or climb ramps, stairs, ropes, ladders, scaffolds, balance, work at heights, or work in proximity to moving machinery or hazardous conditions. She can engage in unskilled, repetitive, routine tasks in two-hour increments. She can have no contact with public. She can work in proximity to but not in coordination with co-workers. She can have occasional contact with supervisors. She is likely to be 5% less productive than an average worker in the workplace and absent from work 10 days per year.

AR 23. The RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p.

29. However, the medical note he refers to is a May 17, 2018 "Mental Evaluation" report by Mark Hawley, Ph.D. (Hawley), conducted with the aid of a sign language interpreter. AR 382. The report contains notations such as, "[Plaintiff] is unable to hear human voices," she "was unable to hear questions during the exam but signed her answers and was able to simultaneously provide them verbally with a whispery voice," and when she plays the violin she "can hear its tones to some extent." AR 383-84. Accordingly, the Court is not a convincing reason to reject Ronning's opinion that Plaintiff is functionally deaf and should safeguard her remaining hearing ability. *See* AR 394.

The ALJ also cited Hawley's report as evidence of an inconsistency with records indicating Plaintiff shows "relatively normal speech" at medical appointments. AR 29. Hawley did not make such a finding, and the use of Hawley's report to reject Plaintiff's hearing impairment is incongruous with his determination that "the May 2018 opinion of Dr. Hawley [is] persuasive because he had an opportunity to examine [Plaintiff] before forming his opinion. Further, his opinion is consistent with [Plaintiff's] longitudinal mental health treatment history as a whole, the claimant's presentations at appointments and the mental status examinations." *Id*.

Nevertheless, the ALJ is correct that a November 2018 emergency room chart note indicates Plaintiff exhibited "normal speech" (AR 428), and that "Mental Health" treatment notes from May, June, and July 2019 also indicate Plaintiff's speech was "normal" (AR 534, 538, 543). Still, these records are vague, do not indicate whether a sign language interpreter was involved in these encounters, and do not clearly contradict the opinion that Plaintiff is "functionally deaf". In sum, the Court finds that the ALJ did not provide clear and convincing reasons to reject Ronning's opinion, and for the reasons already discussed, *supra*, the ALJ's error was not harmless, and must be reversed.

Finally, the Court addresses the ALJ's "precautionary" finding that Plaintiff "is likely to be 5% less productive than an average worker in the workplace." Specifically, the ALJ wrote,

> The undersigned acknowledges that none of the opinions includes a limitation for being 5% less productive than an average worker in the workplace. The undersigned adds this as a *precautionary measure in light of her complaints of difficulty with hearing*, paying attention, and concentration. Most jobs generally involve some degree of non-productivity, as indicated in the vocational expert testimony that being 5% less productive than an average worker in the workplace would not erode the occupational base. This limitation, in other words, is not necessary in a residual functional capacity because most employers would already tolerate it in employees (if not expect it). The undersigned includes it nonetheless *to ensure adequate consideration by the vocational expert and to preclude jobs (if any) that would require continuous and constant hearing* and concentration throughout the entire workday/workweek. This level of flexibility is important in the claimant's situation given that she has significant hearing and mental impairments that would warrant some flexibility by the employer.

AR 30 (emphasis added). Defendant argues, *inter alia*, that this finding is based upon substantial evidence because Plaintiff has past relevant work as a pharmacy technician and a marijuana production worker, and is currently a stay-at-home mom to three young children. Dkt. 14 at 8. This Court finds Defendant's reasoning to be incongruous with the ALJ's own admission that this finding is not based upon any record evidence, and therefore rejects it.

The record does not contain any evidence indicating Plaintiff's hearing limitation impacts her productivity, and the hearing limitation opined by Saue and Alto, and recommended by Ronning, is not a need to avoid "continuous and constant hearing" in the workplace. The limitation is to "[a]void even moderate exposure" to noise or to use hearing protection. *See* AR 81, 97, 394. Thus, the Court finds that it must be omitted upon remand. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.1999)("Substantial evidence is more than a mere scintilla but less than a preponderance.").

Plaintiff asks this Court to remand her claim "for additional vocational testimony to assess whether there would be any other work in the national economy had this limitation been included." Dkt. 13 at 6.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Accordingly, upon remand the ALJ is instructed to reassess the hearing limitation opined by Saue and Alto, and recommended by Ronning, amend Plaintiff's RFC as needed, and expediently reevaluate steps four and five of the sequential evaluation.

## CONCLUSION

This case is REVERSED and REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this order.

Dated this 27th day of July, 2021.

David W. Christel
United States Magistrate Judge